UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No. 10-62321-CIV-GRAHAM/GOODMAN

CHARLES HAAF, an individual,

    Plaintiff,

v.

FLAGLER CONSTRUCTION
EQUIPMENT, LLC, a Delaware
limited liability company,

    Defendant.

_____/

**ORDER ON PREMATURE DISCOVERY DISPUTE**

THIS MATTER is before the Court on Plaintiff's Amended Notice of Hearing. (DE# 19.)  I held a hearing on the motion to compel made in Plaintiff's notice on May 13, 2011.  For the reasons below, Plaintiff's motion is denied without prejudice.[1]

**I.    Discussion**

Some discovery motions are brought to the Court too early.  The discovery disputes at issue here fit into that category.  As musically noted by well-known singer-songwriter Tom Petty, "the waiting is the hardest part."[2]  As outlined below, Plaintiff's

---

[1]    The District Court originally referred all discovery motions for final resolution to Magistrate Judge Edwin G. Torres on February 28, 2011.  (DE# 14.)  Pursuant to Administrative Orders 2010-145 and 2011-18, Magistrate Judge Torres' referral was transferred to me on April 1, 2011.  (DE# 16.)

[2]    The lyric is from the song "The Waiting," the lead single from Tom Petty and the Heartbreakers' album *Hard Promises*, released in 1981.  Although now 30 years old, the song is still used in popular culture.  It was featured in at least one promotional spot for the fifth season of the television situation comedy "The Office" and is used at Philadelphia Flyers home games (when officials are reviewing a play). http://en.wikipedia.org/wiki/The_ Waiting_(song) (last visited 5/16/2011).  *See also* http://www.lyricstime.com/tom-petty-the-waiting-lyrics (last visited 5/16/2011).

1

discovery issues were submitted prematurely and he will need to appreciate Mr. Petty's observation before submitting the issues again.

In particular, Plaintiff raised three issues in its discovery hearing notice and all three should have been permitted to develop further before being flagged for a hearing. Accordingly, for the reasons explained below, the Plaintiff's request for these three discovery categories is denied without prejudice.

### a.  Better Responses to Request for Production Number 5

In document request category 5, Plaintiff requested "A copy of Defendant's year-end financial statements during the period of time Plaintiff was employed by Defendant." (DE# 19, p. 1.)   Plaintiff argues that he is entitled to this type of financial information because he demanded punitive damages in his Complaint.

Punitive damages are authorized by Florida law in § 768.72, Florida Statutes, which states in pertinent part that:

> (1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

In *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), the Eleventh Circuit held that the pleading rules established in Federal Rule of Civil Procedure 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave of court before including a prayer for punitive damages.  Nevertheless, as noted in *Porter v.*

*Ogden, Newell & Welch*, 241 F.3d 1334 (11th Cir. 2001), the Eleventh Circuit in *Cohen* did not decide whether the statute's *discovery* component (requiring a showing of a reasonable basis in the evidence for an award of punitive damages before a party is entitled to discover financial worth information) applies in federal litigation.

Although it also did not expressly rule on the applicability of the discovery component of the Florida statute, the Eleventh Circuit did, however, note in *Porter* that the discovery provision requires that a party offer at least *some* evidence supporting punitive damages but that a formal evidentiary hearing was not required. *Id.* The Eleventh Circuit also explained that, even in federal court, "merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages" under § 768.72. *Id.* While specifically declining to address the discovery component's applicability, the Eleventh Circuit found the magistrate judge in *Porter* did not abuse his discretion in requiring compliance with the discovery component of the statute before allowing financial worth discovery (which was, in fact, permitted). *Id.* at 1341.

Trial courts have relied upon *Porter* in enforcing § 768.72's discovery component in federal court. *E.g., Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *1-*2 (M.D. Fla. Nov. 3, 2010);[3] *Royal Marco Point I Condo. Ass'n v. QBE Ins. Corp.*, No. 3:07 CV 16, 2010 WL 2609367, at *1-*2 (M.D. Fla. June 30, 2010) (granting plaintiff's request for further discovery on punitive damages because evidentiary "proffer adequately shows a reasonable basis for recovery of punitive damages").

---

[3] Specifically, in *Soliday*, the District Court determined that, in enforcing the discovery component of § 768.72, "the magistrate judge applied the correct law and that her decision was not clearly erroneous." 2010 WL 4537903, at *1.

At the hearing, Defendant did not dispute that Plaintiff adequately pled a claim for punitive damages or argue that Plaintiff was in no circumstances entitled to discover its financial worth information. Defendant simply objected that such discovery was premature because Plaintiff had not (and could not) proffer any evidence supporting an entitlement to punitive damages. Defendant also objected that, should Plaintiff later be able to make this proffer, only its latest year-end financial statement would be relevant to punitive damages.

Plaintiff's counsel agreed that only Defendant's current financial worth information is relevant, but she argued that Plaintiff was entitled to this discovery solely because it was relevant to Plaintiff's adequately pled claim for punitive damages.

I then asked Plaintiff's counsel whether she was prepared to proffer evidence to support Plaintiff's punitive damages claim (the supposed ground to justify financial information). In response, she pointed to a cryptic statement made by Plaintiff's vice-president for sales -- advising Plaintiff he was being terminated because "they were moving in a different direction."

Plaintiff did not cite any case law supporting the contention that merely *pleading* punitive damages was sufficient to generate an entitlement to financial and net worth information or bolstering the argument that § 768.72's discovery component did not apply at all because the claim is in federal court. Despite the lack of a binding Eleventh Circuit opinion on this precise issue, *Porter* and its progeny strongly suggest to me that § 768.72's discovery component applies in federal court cases involving Florida state claims.

4

Practically speaking, the need to proffer some evidence to support the punitive damages claim should not be much of an impediment to Plaintiff eventually obtaining the discovery he seeks. § 768.72's discovery component is not a difficult burden to meet. *See Royal Marco*, 2010 WL 2609367, at *1 (finding that a court's review of the proffer is akin to that for a motion to dismiss).

Nevertheless, the statute's discovery component is not meaningless. "A reasonable showing by evidence in the record would typically include depositions, interrogatories, and requests for admissions that have been filed with the court." *Estate of Despain v. Avante Group, Inc.*, 900 So. 2d 637, 642 (Fla. 5th DCA 2005). In this instance, the purported interrogatory answer (admitting the vice president's "moving-in-a-different-direction" statement) was not filed with the Court.

The sole ground proffered is too conclusory and ambiguous to permit discovery of Defendant's financial statements.

It is, of course, entirely possible that Plaintiff may, in the future, be able to make a satisfactory proffer entitling him to financial worth discovery. The discovery deadline in this case is still several months away. It is therefore appropriate to deny this motion without prejudice. Plaintiff may renew his motion in the future so long as he does so in sufficient time not to conflict with the District Court's deadlines. (*See* DE# 12.)

In summary, Plaintiff needs to wait until he can proffer sufficient evidence entitling him to financial discovery.

### b.  Better Response to Request for Production Number 11

Plaintiff requested "copies of personnel files of any other employees who have held or now hold the position which the Plaintiff held with your company from sate [sic]

5

of Plaintiff's hire to the present time." For the reasons below, Plaintiff's motion as to request for production number 11 is denied without prejudice.

"The right to privacy under the Constitution of the State of Florida extends to information contained in nonpublic employee personnel files." *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV, 2010 WL 298397, at *3 (S.D. Fla. Jan. 19, 2010) (citing *Alterra Healthcare Corp. v. Estate of Shelly*, 827 So. 2d 936, 944-45 (Fla. 2002) ("Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied"). *See also Camara v. Brinker Int'l*, 161 F. App'x 893, 895-96 (11th Cir. 2006) (affirming denial of motion to compel production of employee personnel files because prior discovery did not show the files contained information relevant to establishing proper comparators).

Plaintiff's counsel represented at the hearing that she believes information in these personnel files is relevant to establishing a class of comparators, who were younger and not terminated despite equal or lesser work performance. But the request was obviously much broader. When I raised the issue of whether a narrower request might satisfy Plaintiff's needs and resolve Defendant's objections, however, it became clear that the parties did not have a comprehensive discussion about this issue before the hearing. *See generally* S.D. Fla. L. R. 7.1(a)(3); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297 (S.D. Fla. 2010).

The Court is denying Plaintiff's motion to compel better responses to request for production number 11 because Plaintiff has not demonstrated that all of the information in these employee files is relevant to his claims. Plaintiff's counsel noted at the hearing that sales figures for other employees were especially important, but Defendant's counsel

indicated that this data would not be found in individual personnel files.  It is therefore possible that an order compelling the requested production would result in Plaintiff's receipt of irrelevant and sensitive personal information about Defendant's employees, who are not parties.

This motion is denied without prejudice so that the parties can meet and confer in a meaningful way over the proper scope of this request.  At the hearing, the parties agreed that it might be possible to narrow the request to, for instance, cover only employees of a certain age, or to redact irrelevant personal information from the personnel files.

If Plaintiff wishes to pursue the personnel file discovery, then the parties are **directed** to have an actual conversation (either in person or over the phone – letters and emails alone will not suffice) about the possibility of narrowing the scope of request for production number 11.  If the parties cannot resolve the issue, then Plaintiff may schedule the dispute for a hearing, after complying with this order, so long as he believes there are grounds for doing so and he does so in sufficient time not to conflict with the District Court's deadlines.  (*See* DE# 12.)

### c. Appropriate Areas of Inquiry During Rule 30(b)(6) Corporate Representative Deposition

Plaintiff asks this Court to issue a preemptive ruling on whether Defendant's corporate representative must answer questions regarding "(1) any complaints received by the company regarding discrimination and the company's policies and procedure, if any, regarding discrimination; (2) any complaints received by the company regarding age discrimination in the last ten (10) years; and (3) Charles Haaf's termination, the reasons

7

for such termination, and the documents that Defendant claims supports such termination." (DE# 19, pp. 1-2.)

This motion is denied without prejudice, as premature. The deposition at issue has not yet occurred and no specific questions, as opposed to general topic areas, have been asked or proposed or specifically objected to by Defendant. Indeed, it appeared at the hearing that these general deposition topics have as yet only been identified in an informal email and not in a notice of deposition as contemplated by Federal Rule of Civil Procedure 30(b)(6). The result is that Plaintiff in effect asks for an impermissible advisory opinion. *See Jacksonville Prop. Rights Ass'n, Inc. v. City of Jacksonville, FL*, 635 F.3d 1266, 1275 (11th Cir. 2010) (refusing to issue an advisory opinion that might never impact a party's rights).

Regardless of the prematurity of the potential dispute over appropriate topics for a corporate representative deposition, my initial impression is that the deposition topics identified in Plaintiff's notice of hearing are not actually objectionable. Defendant's counsel indicated in a vague fashion that his problem was with "the wording" of these topics. I strongly encourage the parties to meet and confer before the corporate representative deposition to discuss these issues. Defense counsel already indicated that he believed the inchoate dispute would not ripen into an actual dispute because he predicted the wording of the subjects to be covered in the corporate representative deposition could be resolved by agreement between counsel.

Plaintiff may re-notice this issue in the future, after first attempting to depose the corporate representative with specific questions on these topics, so long as he does so in sufficient time not to conflict with the District Court's deadlines. (*See* DE# 12.)

**II.     Conclusions**

Plaintiff's motion to compel is denied without prejudice.  To come full circle by referring to the Tom Petty and the Heartbreakers lyrics, it might be hard for Plaintiff to wait for the discovery he seeks, but he needs to allow the issues to ripen before again seeking this Court's involvement in these specific discovery issues.  The parties are ordered to meet and confer if Plaintiff wishes to pursue the discovery discussed in this Order.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 16th day of May, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald Graham

All counsel of record