UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No. 10-62321-CIV-GRAHAM/GOODMAN

CHARLES HAAF, an individual,

    Plaintiff,
v.

FLAGLER CONSTRUCTION
EQUIPMENT, LLC, a Delaware
limited liability company,

    Defendant.
_____/

# ORDER *VACATING* REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION FOR SANCTIONS AND MOTION TO STRIKE AND SUBSTITUTING ACTUAL ORDER WITH IDENTICAL RULING

THIS MATTER is before the Court *sua sponte* in connection with a Report and Recommendations on Defendant's Motion for Sanctions.  Although the Court is not changing the ruling in the Report (DE# 31), the Court is now **vacating** that Report and, instead, substituting an **order** containing the same ruling.

## Jurisdiction and Authority to Enter an Order, Not Merely a Report & Recommendations

Magistrate judges may issue an order on any "a pretrial matter not dispositive of a party's claim or defense."  Fed. R. Civ. P 72(a).  Such an order may not be set aside unless it "is clearly erroneous or is contrary to law."  *Id.*  Thus, magistrate judges have jurisdiction to enter sanctions orders for discovery failures which do not strike claims, completely preclude defenses or generate litigation-ending consequences.  Practice Before Federal Magistrates, § 16.06A (Mathew Bender 2010) ("discovery sanctions are

1

generally viewed as non-dispositive matters committed to the discretion of the magistrate unless a party's entire claim is being dismissed").

In determining between dispositive and non-dispositive discovery sanctions, the critical factor is what sanction the magistrate judge *actually imposes*, rather than the one *requested* by the party seeking sanctions. *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519-20 (10th Cir. 1995) (rejecting argument that magistrate judge ruled on dispositive motion because litigant sought entry of a default judgment and explaining that "[e]ven though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction," then the order is treated as not dispositive under Rule 72(a)); Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3068.2, at 342-44 (West 1997).

A recent case illustrates a magistrate judge's ability to enter a significant discovery sanction order when the effect is not similar to a default judgment or to preclude a defense. In *Moore v. Napolitano*, 723 F. Supp. 2d 167 (D.D.C. 2010), the district judge affirmed a magistrate's discovery sanctions order. In doing so, the district court rejected the argument that the magistrate judge entered a "severe sanction akin to a litigation-ending default judgment" and affirmed the magistrate judge's order precluding the defendant from offering any legitimate, nondiscriminatory reason to rebut any prima facie case of disparate treatment discriminatory non-promotion of the individually named plaintiffs in an employment discrimination case. *See also Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) (magistrate judges permitted to enter sanctions orders for discovery violations because they are "generally non-dispositive matters" unless the order imposes a sanction which "disposes of a claim; e.g., striking pleadings with

prejudice or dismissal"); *Exxon Corp. v. Halcon Shipping Co. Ltd.,* 156 F.R.D. 589 (D.N.J. 1994) (magistrate judge's order precluding expert witness from testifying as a sanction for violation of a pretrial discovery order was reviewed under the clearly erroneous or contrary to law standard of review); *San Shiah Enterprise Co., Ltd. v. Pride Shipping Corp.,* 783 F. Supp. 1334 (S.D. Ala. 1992) (magistrate judge authorized to impose Rule 11 sanctions).

Although the mirror image motions here do not involve spoliation, analysis of spoliation cases provides insight through analytically analogous sanctions cases. Thus, by way of illustration, federal magistrate judges in this circuit frequently enter orders in cases where parties seek sanctions, including default judgments or dismissals, for spoliation. *See, e.g., Calixto v. Watson Bowman Acme Corp.,* No. 07-60077-CIV, 2009 WL 3823390 (S.D. Fla. Nov. 16, 2009) (Rosenbaum, J.); *Atlantic Sea Co., S.A., v. Anais Worldwide Shipping, Inc.*, No. 08-23079-CIV, 2010 WL 2346665 (S.D. Fla. June 9, 2010) (Brown, J.); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.,* 736 F. Supp. 2d 1317 (S.D. Fla. 2010) (O'Sullivan, J.).  Indeed, federal magistrate judges in Florida have entered orders imposing adverse inferences and attorney's fees as sanctions in spoliation scenarios. *Optowave Co., Ltd. v. Nikitin*, No. 6:05-cv-1083-Orl-22DAB*,* 2006 WL 3231422 (M.D. Fla. Nov. 7, 2006) (Baker, J.) (imposing adverse inference jury instruction based on intentional failure to produce highly relevant emails); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08-20424-CIV, 2009 WL 982460 (S.D. Fla. Apr. 9, 2009) (Simonton, J.) (awarding costs and fees for "grossly negligent discovery conduct" leading to the destruction of emails when bad judgment, but not bad faith, was responsible for the errors).

Because my ruling does not strike a claim or defense and, in any event, this Order does not grant any relief to either of the movants, this is a non-dispositive ruling that can be determined by a magistrate judge by order under Rule 72(a).

Because there is no need for a Report and because the Court can resolve the motions in an order, the previously entered Report (DE# 31) is hereby **vacated** and the Court enters the identical ruling in the Order below:

### Ruling (Order on Sanctions Motions)

Defendant filed a Motion for Sanctions and Motion to Strike, which the District Court referred to the Undersigned in an Order of Reference. (DE# 26; DE# 27.) In response to Defendant's motion, Plaintiff made his own request for sanctions relating to the filing of Defendant's motion. (DE# 28.) Therefore, this Order will encompass both the Defendant's express request for sanctions and Plaintiff's informal request.

For the reasons below, the Court **denies** Defendant's motion and also **denies** Plaintiff's request for sanctions.

### I.      Factual Background

This entire dispute largely revolves around three general, somewhat cryptic statements which Plaintiff made in connection with his alleged emotional distress.

Plaintiff filed a lawsuit against Defendant for alleged age discrimination. In his Second Amended Complaint (DE# 1-1), Plaintiff alleged that he "has suffered severe emotional distress" as a result of Defendant's purportedly improper employment action. In his rule 26(a)(1) disclosures, Plaintiff stated that Dr. Barry Streit "has knowledge of Plaintiff's medical issues subsequent to his termination from Flagler." And in his

4

interrogatory answers, Plaintiff said that the doctor "has knowledge of Plaintiff's medical issues subsequent to his termination from Flagler."

According to Defendant, these three short statements are false and justify the imposition of sanctions against Plaintiff's counsel and entry of an order striking the one-sentence allegation (in the Second Amended Complaint) of severe emotional distress.

Defendant asks this Court to impose these significant consequences because Dr. Streit testified at a deposition that he treated Plaintiff *before* the termination but did not treat him after the termination and because Dr. Streit did not recall speaking with Plaintiff on the telephone after his termination. Plaintiff, however, testified that he lacked the insurance coverage and money to obtain medical treatment after the termination and that he spoke with the doctor on the telephone about his situation. Defendant argues that Plaintiff's testimony about the phone call is "entirely unsupportable" (DE# 29, p. 3) and "simply does not make sense." (DE# 29, p. 4).

Because, according to Defendant's argument, Plaintiff made up the story about his telephone call to the doctor, his emotional distress claim is "unsupportable" and therefore must be stricken in order to "avoid[] further exploration of this immaterial matter of emotional distress." (DE# 29, p. 6).

**II.   Analysis**

In effect, Defendant asks this Court to serve as the ultimate, premature fact-finder and **conclusively** determine that Plaintiff lied both about his emotional distress claim and about contacting Dr. Streit after his termination.

In order to grant Defendant's motion, the Court would effectively have to grant summary judgment on the issue of whether Plaintiff suffered emotional distress and

whether he ever contacted a doctor about his alleged distress after the employment termination. The Undersigned believes this would be highly inappropriate.

The Court has a few observations:

First, the Court cannot properly strike the emotional distress claim **even if** it conclusively determined that Plaintiff never spoke with any doctor about his emotional distress. Plaintiff is not legally required to support his emotional distress claim with medical testimony. *Hagan v. Coca-Cola Bottling Co.*, 804 So. 2d 1234 (Fla. 2001). Federal courts evaluating emotional distress claims made under state law also agree that medical testimony is not required. *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201 (11th Cir. 2010). Therefore, the fact that Defendant contends that Plaintiff never visited or spoke with a doctor following his termination does not preclude emotional distress damages – and surely does not support an order striking the allegation from the Complaint.

Second, Plaintiff testified that he spoke on the telephone with Dr. Streit, a doctor he previously visited. Defendant may have doubts about the veracity of that testimony, but the mere fact that the doctor does not recall the telephone call does not irrefutably establish that the phone call was not made. In its reply, for example, Defendant tacitly concedes as much when it states that "it appears *highly unlikely*" that the doctor advised Plaintiff to use an over-the-cover herbal supplement during a telephone call. (emphasis added). The scenario outlined in Plaintiff's deposition – an over-the-telephone suggestion by a medical doctor that a former patient use an herbal supplement – might be illogical or highly unlikely, but that is not the applicable standard.

Third, Defendant is free to cross-examine Plaintiff about any apparent inconsistencies. But potential cross-examination, even if it may be successful at trial, does not justify an order striking the claim. By way of illustration, Defendant might want to point out at trial that the doctor's file does not reflect a phone call with Plaintiff and that the doctor does not remember such a telephone call. The absence of an entry about a phone call in the Plaintiff's medical file *might* be some evidence that the call did not happen and it might even be **powerful --** but it is not *conclusive* evidence.

Fourth, Plaintiff did not engage in sanctionable conduct by listing Dr. Streit as a witness who has knowledge of his medical issues. Plaintiff did **not** claim that Dr. Streit *treated* him after he was terminated. Instead, he merely noted that the doctor has knowledge of his post-termination medical issues and that he sought medical attention from the doctor. If, as Plaintiff testified, he did speak with the doctor on the phone about his condition but did not seek treatment because of financial constraints, then Plaintiff properly listed the doctor.

Fifth, as Plaintiff himself notes, Defendant may well have complained (and sought sanctions) if Plaintiff testified about a telephone call with the doctor but failed to list the doctor in his Rule 26(a)(1) initial disclosures.

To be sure, Defendant and his counsel may well be frustrated that they took Dr. Streit's deposition but did not learn about post-termination treatment or the doctor's recall of a post-termination telephone call. But frustration over a deponent who did not provide greater detail about facts at issue in a lawsuit is a common scenario and does not trigger a sanctions award.

### III. Conclusion

The Court **denies** Defendant's motion and Plaintiff's request for sanctions.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 6th day of September, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald Graham

All counsel of record